Oakley, Ch. J.
This was a suit on a check for $800, dated some days after the day on which it was given. The drawer died the day after it was given, and the suit was brought against his administratrix. She put in an answer, setting up a variety of defences for which there was no pretence, and among others, denying that she ever had any notice that the check was demanded and not paid.
The plaintiffs apply for their costs of the suit, and the question is, whethereither the estate of the deceased, or the defendant personally, is liable for costs. On considering the point, we think neither is liable.
The 317th section of the code gives costs in general, for and against executors and administrators, to be paid out of the estate, unless the court charges them on the party personally, for mismanagement or bad faith; but the section also provides, that it shall not be construed to allow costs against executors or administrators, where they are now exempted therefrom by section forty-one of the third title of chapter six of the second part of the revised statutes.
*759 Recurring to the revised statutes, (2 R. S. 88 to 90,) we find that section 34 permits the executor, &c. at least six months after the grant of letters, to advertise for creditors to present their claims within six months after the notice is'first published. When any claim is presented, (§ 36,) if the executor doubt its justice, he may enter into a written agreement to submit it to referees. If the claim be disputed or rejected, and shall not have been referred, the claimant must commence a suit upon it within six months, &c., or he will be barred from maintaining any action upon it. (§ 38.) If the demand has not been presented within the six months limited by the notice, the creditor will only be entitled to come in against such assets as remain when he commences his suit for its recovery.
Then follows the forty-first section, which first precludes such, creditor from recovering any costs, and then provides, that no -costs shall be recovered in any suit at law, against any executor or administrator, to be levied of their property, or the property «of the deceased, unless it appear that the demand on which it was founded was presented within the time limited by the advertisement before prescribed, and its payment unreasonably resisted or neglected, or that the defendant refused to refer the same pursuant to the preceding provisions.
In this case, it does not appear that any notice to the creditors was ever published, or that the plaintiffs ever presented their claim to the defendant. In fact, the suit would seem to have been commenced within six months after the intestate’s death.
The plaintiffs, by having omitted to present their claim, have failed to place themselves in a position in which they could claim costs. It must be presented, and payment unreasonably neglected or resisted, in order to bring the case within the exception provided by the forty-first section, and charge the defendant with costs.
Motion denied.